

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| Zuzana Reyes a/k/a Zuzana Hluskova, | § | No. 08-19-00089-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| Nelson Gonzales Reyes, | § | of El Paso County, Texas |
| State. | § | (TC# 2014DCM0466) |
| | § | |

## **O R D E R**

Pending before the Court is Appellant's motion challenging the trial court's May 14, 2019 order sustaining the court reporter's contest and finding that Appellant is able to afford to pay costs on appeal.  By rule, Appellant was required to file her motion to challenge no later than May 24, 2019.  *See* TEX.R.CIV.P. 145(g)(2).  With a timely filed extension motion, the Court could have extended the deadline for a maximum of fifteen days.  TEX.R.CIV.P. 145(g)(2).  Appellant did not file a timely challenge or extension motion, and on June 11, 2019, we issued an order stating that Appellant is not permitted to proceed on appeal without payment of costs.  Appellant is not required to pay filing fees in this Court, but she is required to pay for the clerk's record and the reporter's record.  Both the El Paso County District Clerk and the Court Reporter have notified the Court that Appellant has not made financial arrangements to pay for the clerk's record and reporter's record.  In response, Appellant has filed an untimely motion to challenge the trial court's May 14, 2019 order.  Even though it was not filed by the deadline, we will exercise our discretion to review the merits of Appellant's motion.  *See* TEX.R.APP.P. 2.

We review a trial court's order made pursuant to Rule 145 for an abuse of discretion. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex.App.--Houston [1st Dist.] 1998, no pet.).  In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that she receives public assistance, is being assisted *pro bono* by counsel, or does not have

1

funds to afford payment of costs. *See* TEX.R.CIV.P. 145(e). An abuse of discretion is shown only if the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *Arevalo*, 983 S.W.2d at 804. As the trier of fact, the trial court weighs the evidence and determines the declarant's credibility. The trial court found that Appellant has funds which she failed to disclose to the court, and Appellant failed to establish that she does not have the funds to afford payment of costs. After reviewing the entire record of the hearing, we are unable to find that the trial court abused its discretion by finding that Appellant failed to prove that she is unable to afford to pay the costs of this appeal.

Appellant additionally argues that we should not have ordered the trial court to conduct an evidentiary hearing because the court reporter failed to file her motion by the deadline established by the Court. The deadline for the court reporter to challenge Appellant's Statement of Inability is not jurisdictional and we have discretion to extend the deadline in an appropriate case. We granted the court reporter's request for an extension of time in which to file her challenge. No error is shown. Appellant's motion to challenge the May 14, 2019 order is denied.

The clerk's record and reporter's record are past due, and Appellant has not made financial arrangements for their preparation. This appeal is subject to dismissal for want of prosecution without further notice because the clerk's record has not been filed due to the fault of Appellant. *See* TEX.R.APP.P. 37.3(b), 42.3(b). Appellant can avoid dismissal by making financial arrangements to pay for the clerk's record no later than August 8, 2019. *See* TEX.R.APP.P. 37.3(b).

IT IS SO ORDERED this 29th day of July, 2019.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.

2